# SMOOT v. HEYL.

PARTY WALLS; MANDATORY INJUNCTION; BUILDING REGULATIONS.

1. Party walls had no existence at common law, and the servitude when
   created by statute must be strictly construed, as it contemplates the
   taking and permanent occupation of a portion of the land of the serv-
   ient owner.

2. The wall of a bay window, 8 feet long and one story high, built 3 feet
   outside of the main wall of the building and forming no part of it,
   and which could not be used by the adjoining owner as a party wall
   if he should build on his land, is not such a wall; and if it is built
   in part on the adjoining land, its maintenance can be enjoined and its
   removal compelled by mandatory injunction at the suit of the adjoin-
   ing owner.

3. *Quære,*—whether those provisions of the building regulations of the
   District of Columbia relating to party walls are enforceable in the
   District, outside of the limits of the original city of Washington.

   No. 2015.   Submitted January 5, 1910.   Decided March 1, 1910.

HEARING on an appeal by the defendant from a decree of the
Supreme Court of the District of Columbia, enjoining the main-
tenance of a party wall and requiring the removal of the same.

                                                      *Affirmed.*

The facts are stated in the opinion.

*Mr. William G. Johnson* for the appellant.

*Mr. Samuel Maddox* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decree of the supreme court of the District of Columbia in equity, enjoining the appellant from maintaining a party wall, and commanding the removal of the same. Appellant, Lewis E. Smoot, and appellees, Julia Turner Heyl, Edward Randolph Heyl, Helen Heyl, Charles Heath Heyl, Jr., and Delphine Turner Heyl, are owners of adjoining lots situated on Wyoming avenue between Twentieth and Twenty-first streets, northwest, in this city. These lots are outside of the original limits of the city of Washington. It appears that appellant erected on his lot a brick dwelling house. The west line of said house, except a portion constituting the west wall of a bay window, was built entirely upon appellant's lot and situated about 3 feet east of the division line between his lot and that of appellees. The west wall of the bay window was built on the division line between the lots, a portion of the foundation and superstructure of said wall, about one half the thickness thereof, being extended onto appellees' land. Appellant constructed said wall under a claim of right to do so by virtue of the building regulations of the District of Columbia. We are of the opinion that this appeal can be disposed of very briefly by the consideration of a single point raised in the brief of counsel for appellees, namely, "Can the back of the bay window built by the appellant partly on appellees' land be considered a party wall?"

It appears that the portion of the wall which extends onto the property of appellees begins at a point 12 or 15 feet back from the end of the main wall. It is 8 feet long and one story high. The ends of the bay window are not at right angles to the main wall of the building, but are built on an angle, in the manner generally used in constructing bay windows. Should the appellees desire to connect with this wall, it appears from the evi-

dence that it would cost as much or more to make the connection than to build a new wall. It also appears that the main wall of appellant's building, which is 3 feet inside of the west boundary line of his lot, is about 40 feet long and 30 feet high. The wall of the bay window in question, therefore, forms no part of the main wall of the house. It could serve no such purpose to appellees as is contemplated by the regulations of the District authorizing the construction of party walls.

What is known as a party building wall had no existence at common law. As said by Mr. Justice Cox in *Fowler* v. *Saks,* 7 Mackey, 570, 7 L.R.A. 649: "What we understand now by a party wall had no existence at common law, except by convention between coterminous proprietors. A man had no right to enter upon and occupy a part of his neighbor's land for his own convenience, or for any purpose whatever, without his consent. The privilege or easement, as we call it, giving to a builder the right of erecting a division wall between himself and his neighbor, partly upon his neighbor's land, is therefore purely the creature of legislation." The servitude thus imposed is one created by statute, and, as it contemplates the taking and permanent occupation of a portion of the land of a servient owner, it must be strictly construed.

A strong intimation of what is essential to constitute a party wall under the regulations in force in the District of Columbia is found in *Corcoran* v. *Nailor,* 6 Mackey, 580, where Mr. Justice James, discussing the right of the servient owner to compel the dominant owner to close spaces left in a party wall, said: "This servitude, imposed *in invitum,* is to be construed with the utmost strictness. It renders the occupation of another's land lawful only when the wall with which it is occupied satisfies the reason and purpose for which the easement was imposed. The servient owner is compelled to submit to the burden only on the ground that the thing imposed is, in contemplation of law, a benefit equally to him and to the dominant owner; in other words, that it at once stands ready for his enjoyment for all the purposes for which a party wall is intended to serve. These purposes include several uses. It is intended, in the

first place, to serve for the support, at any point, of the beams which the servient owner may reasonably have occasion to insert in a supporting wall. This forbids the construction of openings where beams cannot be inserted and support cannot be afforded. In the next place, it is intended to serve the purpose of a complete division between adjoining houses. This forbids the construction of spaces in it which do not divide." ·

The wall here in question, we think, fills none of the requirements of the regulations. Appellees can derive no such benefit from it as the servient owner is entitled to receive as compensation for the taking and occupation of his land. It constitutes a nuisance, rather than a benefit. The record discloses that appellant constructed this wall without authority from the officers of the District. In fact, as shown by the following communications, he proceeded with full notice from the authorities that his permit to construct his house did not include a permit to construct a party wall:

Washington, D. C., Sept. 14, 1905.

Mr. Snowden Ashford, Inspector of Buildings,
Washington, D. C.

Dear Sir:—

Referring to permit for house at 2007 Wyoming Ave., N. W., issued Sept. 9th, 1905, will say we wish to have same amended, as follows: In application—Question 17 "Thickness of party wall" "Basement" 18″, first floor 13″. The plat which accompanied application has been marked opposite party wall as follows:

"Distance"—Wall of house at this point is 6½″ over line— scale too small to show by rule. Basement wall 9″ over.

The above questions were not answered correctly, in original application, through inadvertence and mistake.

Please make change in permit, as above, and oblige,

Yours truly,

L. E. Smott.

September 15, 1905.

Mr. L. E. Smoot, foot of Third Street, S. E.,
                    Washington, D. C.

Dear Sir:—

Your communication of September 14th, notifying the office
of your change of plan and plat to locate party wall at 2007
Wyoming avenue received, and in reply, beg to say that notice
will be filed with the permit, with the understanding that the
party wall is located on your own responsibility without author-
ity from this office, as I do not, at the present time, locate party
walls outside of Florida avenue or Washington city proper.

Very respectfully,
S. Ashford,
Inspector of Buildings.

Since the total failure of appellant to comply with the build-
ing regulations is decisive of this case, it is unnecessary to pass
upon the question as to whether or not that portion of the build-
ing regulations relating to party walls is enforceable in the Dis-
trict outside of the limits of the original city of Washington.
The validity of those regulations, as applied to the construction
of party walls outside of the original city, was forcibly assailed
by counsel for appellee, but upon this point we refrain from
expressing any opinion.

It may be suggested that appellees have lost none of their
rights through laches. They protested in good season against
the construction of the wall. Hence, neither waiver nor estoppel
can be claimed. The decree is affirmed with costs, and it is so
ordered.                              *Affirmed.*

On application of the appellant an appeal to the Supreme
Court of the United States was allowed May 31, 1910.